[Civ. No. 11053. Fourth Dist., Div. One. June 15, 1972.]

In re the Marriage of ZELMA and WALLACE E. SIEGEL.
ZELMA SIEGEL, Respondent, v.
WALLACE E. SIEGEL, Appellant.

## COUNSEL

Todd & Toothacre, William L. Todd, Jr., and John R. Wingert, for Appellant.

Seltzer, Caplan, Wilkins & McMahon, Gerald L. McMahon and James B. Franklin, for Respondent.

## OPINION

COUGHLIN, J.*—Appellant, Wallace Siegel, appeals from an order modifying an award for support and maintenance of respondent, Zelma Siegel, and their three minor children, which increased the amount of support and maintenance for Zelma $300 and for two of the children $60 per child, the third child having become an adult.

Appellant limits his attack on appeal to that part of the order awarding respondent an increase in the amount for her support and maintenance, conceding the increase for the support and maintenance of his two children was proper.

The order recites the basis for the increase is the increase in cost of living, the increase in respondent's expenses attributable to the fact she is caring for the adult daughter and the latter's daughter, and the material increase in appellant's income.

■ Appellant contends the order is an abuse of discretion as a matter of law. An order modifying an award for support and maintenance constitutes an abuse of discretion only where, under all of the evidence viewed most favorably in support thereof, it must be concluded no judge reasonably could have made such an order. (*Newbauer* v. *Newbauer*, 95 Cal.App.2d 36, 40 [212 P.2d 240].) If there is any substantial evidence supporting the decision of the trial judge, the order must be affirmed. (*Wilson* v. *Wilson*, 104 Cal.App.2d 167, 170 [231 P.2d 128].) Appellant acknowledges this rule but his argument disregards it; addresses

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

himself at length to the weight of the evidence; asserts the reliability of evidence in his favor and the unreliability of evidence in favor of respondent; considers circumstances the trial court was entitled to disregard and disregards circumstances the trial court was entitled to consider; relies on inferences the court was not required to accept; and, in general, under the guise of an attack upon the sufficiency of the evidence, urges this court to substitute its judgment for that of the trial court. No abuse of discretion is shown.

Appellant also contends that part of the increase attributable to respondent's additional expenses by virtue of the care given her daughter and granddaughter, in substance, is an award for the support and maintenance of his adult daughter and his granddaughter for whom he is not legally responsible; and inclusion of that amount within the award to respondent was error.

The daughter is married and divorced; is unemployed; has serious health problems resulting from her involvement with drugs; has been hospitalized on account thereof on six different occasions; and when last released from the hospital, upon her doctor's advice, obtained and has lived in an apartment by herself, but has taken her meals with her mother, the respondent. The granddaughter, at the time of the hearing, was two years of age; had been cared for by her grandmother, the respondent, while her mother was in the hospital, and since the mother has been living alone, has been cared for and lives with her grandmother all of the time.

The order, identifying respondent, Mrs. Siegel, as "petitioner," and appellant, Mr. Siegel, as "respondent," states: "The added expense for the daughter and grandchild, while of course not a legal obligation for increasing support to be paid to petitioner, is one of the facts of life and is to that extent a social and moral obligation on behalf of petitioner. The petitioner will be naturally inclined to short herself and the younger boys if not given additional help to support the adult daughter and grandchild." Appellant, in his opening brief, quotes correctly the first sentence of the foregoing quotation from the order, but adds the following: "That portion of the ordered increase in spousal support relating to a possible social or moral obligation *upon the appellant* to support his adult child and grandchild is unlawful." (Italics ours.) The latter statement is a perversion of the statement in the order which refers to the obligation in question as the obligation of "petitioner," respondent on appeal, the mother and grandmother, and not of appellant herein, the father and grandfather. In his reply brief, appellant perverts the record by misquoting the statement in the order as follows: " 'The added expense for the

daughter and grandchild, while of course not a legal obligation for increasing support to be paid to (respondent), is one of the facts of life and is to that extent a social and moral obligation on behalf of (appellant).' " The words "respondent" and "appellant" in parenthesis, apparently used to identify the parties on appeal, were substituted for the single word "petitioner" actually used in the order which, as heretofore noted, identifies the respondent on appeal, Mrs. Siegel, the mother and grandmother, and not appellant, Mr. Siegel.

■ The authority to modify an award for support and maintenance of a spouse is conferred by Civil Code section 4801, which provides: ". . . the court may order a party to pay for the support of the other party any amount . . . as the court may deem just and reasonable having regard for the circumstances of the respective parties, . . ."

The applicable general rule is stated in *Hall* v. *Hall,* 42 Cal.2d 435, 442 [267 P.2d 249], as follows: "The principles which the trial judge must apply in awarding alimony are few and necessarily general in nature. An allowance for support must be made 'having regard for the circumstances of the respective parties.' [Citation.] In making that award the trial court has a wide discretion. [Citation.] 'Circumstances' includes 'practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties.' [Citation.]"
■ *Reasonable needs of a wife commensurate with her station in life are* a circumstance the court should consider in determining a just and reasonable amount for her support (*Nunes* v. *Nunes,* 62 Cal.2d 33, 38 [41 Cal.Rptr. 5, 396 P.2d 37]; *Hall* v. *Hall, supra,* 42 Cal.2d 435, 442; *Millington* v. *Millington,* 259 Cal.App.2d 896, 918-920 [67 Cal.Rptr. 128]); and embrace more than bare necessities. (*Sweasey* v. *Sweasey,* 126 Cal. 123, 129 [58 P. 456]; *McChesney* v. *McChesney,* 182 Cal.App.2d 268, 272 [5 Cal.Rptr. 896].)

■ Appellant contends, in substance, the expense incurred by his former wife incident to furnishing food for her daughter and care for her granddaughter, under facts such as those at bench, is not a circumstance the court should regard in determining the just and reasonable amount he should pay for her support because he has no legal obligation to support the adult daughter and the granddaughter. Contradictorily, in defense of the motion appellant urged he was remarried and the expense of providing for his present wife and her two children by a previous marriage was a circumstance the court should regard in determining it would not be just and reasonable to increase the amount of support he theretofore had been ordered to pay his former wife.

As the trial court so wisely noted, in the event respondent did not have the means to provide food for her daughter and to care for her granddaughter, she would deprive herself and the two minor children living with her in order to discharge a moral and social obligation to her daughter and granddaughter. The law, under the circumstances of the case at bench, should not require a mother and grandmother either to go without or cast her daughter and granddaughter into the street. Fulfilling her maternal obligation is a commendable part of her way of life just as much as entertaining her friends, contributing to worthy charitable causes or giving presents to her relatives on their birthdays, at Christmas or other memorable occasions. (Gen. see *Anderson* v. *Anderson,* 124 Cal. 48, 54, 55 [56 P. 630, 57 P. 81].) Nit-picking should not be a part of the court's obligation in determining what amount is just and reasonable under the circumstances for a former husband to pay his former wife as support, granted he has the ability to pay that amount. (Gen. see *Strohm* v. *Strohm,* 182 Cal.App.2d 53, 57 [5 Cal.Rptr. 884]; *Wilson* v. *Wilson, supra,* 104 Cal.App.2d 167, 173.)

The trial court expressly noted it did not have authority in the case at bench to require appellant to support his daughter and granddaughter. Nevertheless, it recognized respondent's moral and social obligation to her daughter and granddaughter and concluded this was a circumstance it might consider in determining her need, and the amount her former husband should pay for her support. Its conclusion did not constitute an abuse of discretion.

Appellant's reliance upon the decision in *Levy* v. *Levy,* 245 Cal.App.2d 341, 363 [53 Cal.Rptr. 790], is misplaced. The case at bench, contrary to the cited case, did not involve a proceeding by or on behalf of an adult child for support and maintenance. The amount of support respondent sought did not include an amount reasonably necessary for the support of her adult daughter but was limited to expense she incurred by virtue of the fact her daughter ate "most of her meals at home." The amount necessary to support an adult daughter involves more than the expense incurred in buying the food she eats.

■ Appellant also contends the court should not have considered the expense incident to caring for respondent's daughter and granddaughter because it was not asserted in the affidavit upon which the motion was based, but in a supplemental affidavit filed at the time of the hearing. The contention is without merit. The question respecting this expense was before and considered by the trial court; both parties argued the matter;

assertion of the claimed expense was prompted by averments in appellant's affidavit; appellant did not ask permission to file a reply controverting the claim; and, in any event, the general issue of respondent's needs included a consideration of all claimed expenses creating such need.

The order is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.